RICHARD E. BRATTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brattin
Docket No. 5034-91
United States Tax Court
T.C. Memo 1992-625; 1992 Tax Ct. Memo LEXIS 659; 64 T.C.M. (CCH) 1144; October 26, 1992, Filed *659 Decision will be entered under Rule 155. Richard E. Brattin, pro se. For Respondent: John J. Boyle. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654
1982
$  7,170
$ 1,559
$ 359
[1]
$ 584.13
1983
8,370
1,836
419
[1]
432.84
1984
10,871
2,321
544
[1]
558.59
Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions by both parties which will be given effect in the Rule 155 computation, the issues for decision are: (1) Whether petitioner's income tax liability for taxable years 1982, 1983, and 1984 should be *660 computed using the rates for married persons filing separately or computed using the rates for married persons filing a joint return. We hold that respondent correctly used the rates for married persons filing separately to calculate petitioner's tax liability for taxable years 1982, 1983, and 1984. (2) Whether petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a), and 6654 for taxable years 1982, 1983, and 1984. We hold that he is. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Columbus, Ohio, at the time he filed the petition in this case. During the years in issue, petitioner was married and had four children. In 1981, petitioner met a person who told him that taxes were illegal and that filing tax returns was not required. It was petitioner's misguided reliance on that statement that led him down the same beaten path of many tax protesters before him. Neither petitioner nor his wife has at any time filed Federal income tax returns for taxable years 1982, 1983, or 1984, and on December 20, 1990, respondent *661 sent petitioner a statutory notice of deficiency wherein respondent determined petitioner's filing status to be married filing separately for each of those taxable years. For taxable year 1982, petitioner received $ 45,409.42 as wages from the Ohio Bell Telephone Co., and $ 105 from interest and dividends. Petitioner had itemized deductions totaling $ 12,249.46, and a nonbusiness bad debt deduction in the amount of $ 1,050 for 1982. For taxable year 1983, petitioner received $ 38,678.65 as wages, and $ 96 from interest and dividends. Also in taxable year 1983, petitioner incurred a loss from his sole proprietorship known as Slick 50 in the amount of $ 3,528. In this same taxable year, petitioner realized a long-term capital loss of $ 1,500, had itemized deductions totaling $ 10,687.57, and had a nonbusiness bad debt deduction in the amount of $ 500. For taxable year 1984, petitioner received $ 44,253.60 as wages, and received $ 1,066 from interest, dividends, and annuities. Petitioner also realized a short-term capital gain of $ 3,552 derived from the sales proceeds of stocks and bonds. In addition, for taxable year 1984, petitioner incurred a business loss with respect to *662 Slick 50 in the amount of $ 1,750, had itemized deductions totaling $ 11,049.92, and had a nonbusiness bad debt deduction in the amount of $ 900. In addition, for taxable year 1982, petitioner is entitled to one personal exemption for himself and five additional exemptions for his wife and four children. For taxable years 1983 and 1984, petitioner is entitled to one personal exemption for himself and four additional exemptions for his wife and three children. OPINION The first issue for our consideration is whether petitioner's income tax liability should be computed for taxable years 1982, 1983, and 1984 using the rates for married persons filing separately or computed using the rates for married persons filing a joint return. Respondent determined that petitioner had unreported income for each of these years. Respondent's determinations are presumed correct, and petitioner bears the burden of proving that such determinations are erroneous. Rule 142(a); . Petitioner failed to file Federal income tax returns for the taxable years 1982, 1983, and 1984. This Court has determined that if a taxpayer has *663 not filed a return by the time his case is submitted for decision, it is too late for the taxpayer to file a joint return and elect joint filing status. ; [1] see , affd. as to this issue . Petitioner did not properly elect joint filing status for the years in issue because he failed to elect by the only permissible method, i.e., filing joint income tax returns for those years. In the instant case, petitioner has not filed returns, joint or otherwise, for the taxable years in issue. Accordingly, we hold that respondent correctly used the rates for married persons filing separately to calculate petitioner's tax liability for taxable years 1982, 1983, and 1984. The second issue for our consideration is whether *664 respondent correctly determined the additions to tax under sections 6651(a)(1), 6653(a), and 6654 for taxable years 1982, 1983, and 1984. The burden of proof is on petitioner to establish that he is not liable for these additions to tax. ; . Section 6651(a)(1) imposes an addition to tax of 5 percent of the amount required to be shown as tax on a return for each month or fraction thereof for which a return is not filed, not to exceed 25 percent in the aggregate. The addition to tax under this section does not apply if the taxpayer establishes that the failure to timely file was due to reasonable cause and not due to willful neglect. The burden of proof is on petitioner to show that the failure is due to reasonable cause and not willful neglect. . Whether the late filing of an income tax return is due to reasonable cause or willful neglect is a question of fact. , *665 affg. on this issue . In the instant case, petitioner failed to file returns for 1982, 1983, and 1984 and has presented no evidence to meet his burden of proving that his failure to timely file was due to reasonable cause and not willful neglect. The additions to tax under section 6651(a)(1) are sustained. Section 6653(a)(1) provides for an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or an intentional disregard of rules or regulations. Section 6653(a)(2) provides for an additional amount to be added to the addition to tax under section 6653(a)(1) equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. For purposes of section 6653(a), negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Respondent's determination that petitioner's underpayment was due to negligence is presumptively correct and must stand *666 unless the taxpayer can establish that he was not negligent. , affg. . Petitioner failed to file Federal income tax returns for taxable years 1982, 1983, and 1984 and has put forth no evidence sufficient to satisfy his burden of proof. Accordingly, we find that petitioner negligently disregarded the rules and regulations. The additions to tax under section 6653(a) are sustained. Respondent also determined an addition to tax under section 6654 for underpayment of estimated tax. Where payments of tax, either through withholding or by the payment of estimated tax during the course of the year, do not equal the percentage of total tax liability required under the statute, imposition of the addition to tax under section 6654 as to the years at issue is mandatory unless petitioner can bring himself within certain exceptions. . Petitioner did not raise the issue of qualification for one of the statutory exceptions provided in section 6654 and has presented no evidence indicating *667 that any of these exceptions are applicable. Accordingly, the additions to tax under section 6654 are sustained. Decision will be entered under Rule 155.
Footnotes
1. 50 percent of the interest due on $ 6,234 for 1982, on $ 7,345 for 1983, and on $ 9,282 for 1984.↩
1. See .↩