James A. **KILGROE**, Transferee (of KIP Corporation), Plaintiff-Appellee,

v.

**UNITED STATES** of America, Defendant-Appellant.

No. 80–2016.

United States Court of Appeals, Tenth Circuit.

Submitted July 16, 1981.

Decided Nov. 30, 1981.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, William S. Estabrook and Stephen Gray, Tax Div., Dept. of Justice, Washington, D. C., and Joseph F. Dolan, U. S. Atty., Denver, Colo., for defendant-appellant.

Chester J. Stern of Drexler, Wald & Abramovitz, P.C., Denver, Colo., for plaintiff-appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.

On March 20, 1978, taxpayer James A. Kilgroe filed a complaint for a refund in the United States District Court for the District of Colorado. He sought to recover $58,211 in income taxes and $12,967.81 in interest and penalties assessed for the tax year 1973 against his transferor, KIP Corporation (KIP).[1]

In 1969 KIP began construction on four prefabricated buildings that were then leased to a community college for three years. The buildings originally cost $578,-030 to erect. KIP took depreciation on its tax returns for the years 1970 through 1974, based on a three year useful life of the buildings. Prior to 1973 KIP had taken a total of $501,195 in depreciation deductions, of which $423,015 produced a tax benefit. In reviewing taxpayer's tax returns for 1973, the Internal Revenue Service (IRS)

disallowed loss deductions carried over to 1973 and disallowed part of KIP's depreciation deductions, resulting in a deficiency assessment. The IRS argued that the buildings had a useful life of either forty years, with no salvage value, or three years with a salvage value of $389,375. After a hearing, the district court determined that the buildings had a useful life of ten years with no salvage value. Neither the taxpayer nor the government challenges this finding on appeal. However, using this measure of depreciation, the parties could not agree on the proper method of computing the allowable depreciation for the ten year period, so the district court held a separate hearing on this issue. Taxpayer claimed that the deductions taken in 1970 through 1972, to the extent they exceeded the amount KIP should have taken using a ten year useful life, were not "allowed" within the meaning of section 167 of the Internal Revenue Code, and therefore should not be counted when figuring the proper amount of depreciation for subsequent years. The government maintained that by 1973 KIP could claim as depreciation only the difference between its basis in the buildings ($578,030) and the amount it had already taken in depreciation deductions ($423,015), or a total of $155,015. Using the straight-line method of depreciation, this amount spread ratably over the remaining seven years of useful life yields a deduction of $22,145 per year. Taxpayer, however, had claimed a depreciation deduction for 1973 in the amount of $57,000. The district court ruled in favor of the taxpayer on this issue and entered a judgment for a refund of $29,524.89. The government has appealed this judgment, claiming that the district court made a computational error in arriving at the amount of refund due taxpayer. Apparently taxpayer now concedes that the government's position concerning the proper method of computing the depreciation deduction is correct.[2] We agree.

---

1. Mr. Kilgroe, as transferee of the assets of the corporation, is responsible for KIP's tax liability for 1973.

2. In a letter filed with this court in lieu of a brief, taxpayer stated that he "does not contest the Government's position and computation as expressed in its [Appellate] Brief, regarding the issue before the Court."

■ The purpose of the depreciation allowance is "to enable a taxpayer to recover the cost of a wasting asset used in his business by charging the diminution in the asset's value each year as a deduction from the gross income for that year." *Commissioner v. Indiana Broadcasting Corp.*, 350 F.2d 580, 581 (7th Cir. 1965), *cert. denied*, 382 U.S. 1027, 86 S.Ct. 645, 15 L.Ed.2d 539 (1966). Depreciation is allowed only to the extent necessary for a taxpayer to recover the cost of an asset. *Hall v. Commissioner*, 406 F.2d 706, 709 (5th Cir. 1969). Taxpayer's argument that the erroneous depreciation claimed in 1970 through 1973 was not "allowed" for the purpose of reducing the amount of remaining depreciation available to him for the remaining years of the building's useful life was squarely rejected by the Supreme Court when it stated, "[i]f the deductions are not challenged, they certainly are 'allowed,' since tax liability is then determined on the basis of the returns." *Virginian Hotel Corp. v. Helvering*, 319 U.S. 523, 527, 63 S.Ct. 1260, 1262, 87 L.Ed. 1561 (1943). Therefore, the amount erroneously taken in depreciation deductions by KIP for 1970 through 1972 was "allowed" by the Commissioner and should be used to reduce KIP's basis in the buildings to the extent it produced a tax benefit.

■ At the district court hearing, however, taxpayer asserted that only the amount that should have been deducted for the three years in question, based on a ten year useful life (*i. e.*, 10% per year), should be used to reduce the basis in the building, rather than the amount actually taken. By accepting taxpayer's argument that the excessive depreciation taken in 1970 through 1972 should be disregarded when figuring the proper depreciation for succeeding years, the district court, in effect, allows taxpayer to claim depreciation deductions in excess of his basis in the asset. This result is contrary to the well-settled rule that a taxpayer's total claimed depreciation deductions should not exceed the cost of the asset minus any salvage value. Treas.Reg. § 1.167(b)–O(a) (1960); *Massey Motors, Inc. v. United States*, 364 U.S. 92, 107, 80 S.Ct. 1411, 1419, 4 L.Ed.2d 1592 (1960); *G. W.*

*Van Keppel Co. v. Commissioner*, 295 F.2d 767, 770 (8th Cir. 1961). Depreciation that is "allowed" or "allowable" in a given tax year reduces the basis in the depreciable asset, and hence, the amount available for depreciation in subsequent years. I.R.C. § 167.

In a case such as this, the appropriate procedure for determining subsequent allowable depreciation when assets previously have been excessively depreciated is as follows:

> If at any time before property is discarded it develops that its useful life has been inaccurately estimated, depreciation should not be modified for prior years, but the remainder of the cost, or other basis not already provided for through a depreciation reserve or deducted from book value, should be spread ratably over the estimated remaining life of the property, and depreciation deductions taken accordingly.

Mertens, *Law of Federal Income Taxation* ¶ 23.47, at 201–02 (1980). *See also Cohn v. United States*, 259 F.2d 371, 377–78 (6th Cir. 1958). Therefore, in this case, the excessive depreciation deductions taken prior to 1973 should be deducted (to the extent they produced a tax benefit) from KIP's original basis in the building. Any allowable depreciation left over should be spread ratably over the remaining seven years of the useful life of the buildings. Using this method of calculation, the district court should redetermine KIP's taxable income for 1973, and adjust the judgment of tax liability accordingly. The judgment of the district court is reversed, and this case is remanded to the district court for recalculation of taxpayer's tax liability for 1973 and entry of the correct judgment in accordance with this opinion.

REVERSED AND REMANDED.