IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60544
_____

WILLIAM G. STREET, ESTATE OF, Deceased,
Anne Street Skipper, Executrix,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.
_____

Petition for Review from the Decision of the
United States Tax Court
_____
September 3, 1998

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The only question raised by this appeal is whether the entire amount of a community property insurance policy made payable to a decedent's estate must be included in his gross estate for federal tax purposes if it is determined, under Texas law, that the designation of beneficiary was not made in fraud of the decedent's spouse. Both the Commissioner of Internal Revenue and the Tax Court answered this provocative question in the affirmative, arguing that the no-fraud finding took the policy out of "the regime of community property." We affirm, although on slightly different grounds.

Amma and William Street were married in 1983. They resided together in the state of Texas until William's death in 1990. Before his death, William bought several insurance policies on his own life totaling some $1.3 million. He named his estate as beneficiary.

Although William substantially provided for Amma in a fairly standard widow's election will, she elected not to take thereunder; instead, she claimed her one-half interest in the community property. In conjunction with this election, Amma filed a claim in Texas state court against William's estate, asserting, among other things, that she was entitled to one-half of the life insurance proceeds because the premiums had been paid with community funds. William's children by a previous marriage, the sole remaining beneficiaries under the will, responded with a state court declaratory judgment action, and the whole unpleasant affair eventually went to trial in 1993.

Pending the outcome of that litigation, and apparently in anticipation of a ruling for Amma, the Estate filed a federal estate tax return in which only one-half of the insurance proceeds were included in William's gross estate. On August 19, 1993, the state district court belied the Estate's assumption, ruling that, although the insurance proceeds were community property, pursuant

to longstanding Texas law they were subject to William's exclusive management and control, and his designation of his own estate as beneficiary had not been so in fraud of Amma's interest that it could be invalidated by the court. In short, all insurance proceeds were held to belong to William's estate. This decision was affirmed on appeal. See generally Street v. Skipper, 887 S.W.2d 78 (Tex. App.-Ft. Worth 1994, writ denied).

## II

Based on the state court's ruling, on October 12, 1994, the Commissioner issued a Notice of Deficiency to the Estate. Relying on I.R.C. § 2042(1), which provides that "[t]he value of the gross estate shall include the value of all property . . . to the extent of the amount receivable by the executor as insurance under policies on the life of the decedent," the Commissioner asserted, among other things, that the full value of the insurance proceeds should have been included in William's gross estate. The Estate contested this assertion, pointing to Treas. Reg. § 20.2042-1(b)(2), which states that "[i]f the proceeds of an insurance policy made payable to the decedent's estate are community assets . . . and, as a result, one-half of the proceeds belongs to the decedent's spouse, then only one-half of the proceeds is considered to be receivable by or for the benefit of the decedent's estate." The dispute ultimately went to the Tax

Court, where, on January 21, 1997, judgment was rendered in favor of the Commissioner.  In a reasoned written ruling, the court held that, under the Texas law as applied by the state court in the underlying suit, William's designation of beneficiary and subsequent death "removed [the insurance proceeds] from the regime of community property" such that they were indeed fully includable in his gross estate under I.R.C. § 2042(1) and Treas. Reg. § 20.2042-1(b)(2).  From this final judgment William's estate timely appeals.

                            III

    We review a decision of the Tax Court applying the same standards used in reviewing a decision of the district court: questions of law are reconsidered de novo; findings of fact are reviewed for clear error.  Estate of McLendon v. Commissioner of Internal Revenue, 135 F.3d 1017, 1021 (5th Cir. 1998).

                            IV

    The Estate argues primarily that the Tax Court misconstrued Texas and federal law in rendering its decision.  Citing pointed criticism leveled at the Tax Court by a noted authority on Texas community property law,[1] the Estate contends that the best

---

    [1]See Stanley M. Johanson, Recent Decisions Affecting Estate Planning, University of Texas School of Law 45th Annual Taxation Conference 35 (October 24, 1997) (noting, with respect to the Texas community property aspect of the Tax Court's ruling in this very case that, "This decision is not only wrong, it's outrageous!").

4

construction of the situation is not that the proceeds were "removed from the regime of community property" for purposes of Treas. Reg. § 20.2042-1(b)(2), but that William Street, acting as agent for the community, made a "gift" of Amma's one-half interest in the proceeds to his estate in addition to the essentially testamentary designation of his own one-half interest. Under this interpretation, the Estate urges, one-half of the proceeds should be taxed as part of William's gross estate under I.R.C. § 2042(1) and Treas. Reg. § 20.2042-1(b)(2), but the rest should be taxed as a gift from Amma pursuant to Treas. Reg. § 25.2511-1(h)(9), which provides that "[w]here property held by a husband and wife as community property is used to purchase insurance upon the husband's life and a third person is . . . designated as beneficiary . . ., there is a gift by the wife at the time of the husband's death of half the amount of the proceeds."[2]

Although we have noted the tension among I.R.C. § 2042(1), Treas. Reg. § 20.2042-1(b)(2), and Texas community property law in the past, see Estate of Cavenaugh v. Commissioner of Internal

---

[2]We note in passing the rather inequitable nature of this argument. Anne Street Skipper, the current executrix of William's estate, was one of the victors in the underlying state court suit concerning the ownership of the insurance proceeds. If we understand Ms. Skipper correctly, she wants this court to now edict that Amma Street be compelled to pay gift taxes on the very insurance proceeds that Skipper legally extracted from her in that state court litigation.

5

Revenue, 51 F.3d 597, 601-02 (5th Cir. 1995), we need not consider the rather complicated details of the Estate's argument under the facts of this case, nor need we address Professor Johanson's interrelated contention that the Tax Court committed an egregious error of Texas community property law in construing the underlying state court ruling. As noted above, I.R.C. § 2042(1) provides that "[t]he value of the gross estate *shall* include the value of all property . . . to the extent of the amount receivable by the executor as insurance under policies on the life of the decedent" (emphasis added). Whatever "receivable" might mean as a general matter, and whatever nuances Treas. Reg. § 20.2042-1(b)(2) might add to that analysis, we find it impossible that insurance proceeds that were designated as payable to a decedent's estate, and that were, in fact, paid to his estate, and that further were allowed to remain in the estate's hands following a state court challenge regarding their ownership, could somehow be characterized as not "receivable by the executor" for purposes of I.R.C. § 2042(1). Cf. Commissioner of Internal Revenue v. Estate of Hubert, 117 S.Ct. 1124, 1141 (1997) (noting that interpretive regulations must "implement the congressional mandate in some reasonable manner" to receive court deference). As such, there can be no contention that the entire amount of the insurance proceeds in this case was not

6

properly included in William Street's gross estate for federal tax purposes, and the judgment of the Tax Court is accordingly

A F F I R M E D.