IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60586
Summary Calender

_____

GERALD J. MARTINEZ; GAYLE R. MARTINEZ,

Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from the Decision of the United States Tax Court
(19887-95)
_____

October 6, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

KING, Chief Judge:[*]

Petitioners-Appellants Gerald Martinez and Gayle Martinez,
husband and wife, appeal from a decision of the United States Tax
Court sustaining Respondent-Appellee's assessment of deficiencies
in, and additions to, Petitioners-Appellants' federal income tax
for the years 1982 through 1987.  We AFFIRM.


I. BACKGROUND

The Martinezes are Catholics who oppose, on religious

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grounds, the payment of taxes that fund abortions and abortion-related education.  Based on their religious beliefs,  the Martinezes have failed to file federal income tax returns since 1973.  After an audit, the Commissioner issued notices of deficiencies in federal income tax, as well as additions to tax, to each Appellant for the years 1982-1987.

The Martinezes petitioned the U.S. Tax Court for review of the Commissioner's determination on numerous grounds.[2]  First, the Martinezes claimed that the Free Exercise Clause exempts them from paying taxes.  Second, they claimed that the Commissioner incorrectly determined their unreported income and allowable deductions.  Third, they contended that the Commissioner incorrectly assessed civil penalties.  Fourth, the Martinezes claimed that the Commissioner used the wrong filing status when computing their tax liability, *i.e.*, "married, filing separately," rather than "married, filing jointly."  Finally, the Martinezes asserted that the statute of limitations barred the Commissioner's assessment of back taxes.

The Tax Court rejected the Martinezes Free Exercise claim, citing well-settled precedent that religious objections to the manner in which federal revenue is spent provide no basis for resisting the federal income tax.  The Tax Court also rejected the Martinezes' contention regarding the calculation of their income and allowable deductions.  In rejecting this argument, the

---

[2]  We discuss only the arguments advanced by the Martinezes on appeal.

court noted that the Commissioner's calculations were based on the Martinezes' own records, and that they failed to introduce any evidence to rebut the presumption that the Commissioner's calculations were correct. The court also determined that the Martinezes failed to show that the Commissioner's imposition of civil penalties was erroneous.  The court further held that the Martinezes were not entitled to have their taxes computed on a "married, filing jointly" basis because they had failed to file returns for the years at issue.  Finally, the Tax Court determined that the statute of limitations on assessment actions had not run because the Martinezes failed to file returns for the years at issue.

The Martinezes now appeal the Tax Court's decision by reasserting the arguments advanced below.


## II. DISCUSSION

We review a decision of the U.S. Tax Court as we would a decision by the district court.  Street v. Commissioner, 152 F.3d 482, 484 (5th Cir. 1998).  The Tax Court's determination regarding the Martinezes' free exercise claim is a question of law and is reviewed de novo.  Id.; Estate of McLendon v. Commissioner, 135 F.3d 1017, 1021 (5th Cir. 1998).  The Tax Court's determination that the Martinezes failed to introduce sufficient evidence to overcome the presumption that the Commissioner correctly calculated their tax liability is reviewed for clear error.  Yoon v. Commissioner, 135 F.3d 1007, 1012 (5th

3

Cir. 1998); Webb v. Commissioner, 394 F.2d 366, 372 (5th Cir. 1968).

The Martinezes' religious-based objection to the manner in which certain federal funds are spent does not afford them any basis for refusing to file returns or pay their taxes. It is well-established that the federal income tax system does not violate the Free Exercise Clause of the Constitution. See Hernandez v. Commissioner, 490 U.S. 680 (1989); United States v. Lee, 455 U.S. 252 (1982); United States v. American Friends Serv. Comm., 419 U.S. 7 (1974); Lull v. Commissioner, 602 F.2d 1166 (4th Cir. 1979), cert. denied, 444 U.S. 1014 (1980); Graves v. Commissioner, 579 F.2d 392 (6th Cir. 1978), cert. denied, 440 U.S. 946 (1979); Autenrith v. Cullen, 418 F.2d 586 (9th Cir. 1969), cert. denied, 397 U.S. 1036 (1970). While the Free Exercise Clause protects a person's right to hold any religious belief, it does not give them the right to act in a manner contrary to the law. See United States v. Holmes, 614 F.2d 985, 989 (5th Cir. 1980). The Martinezes' contention that their religious convictions exempt them from paying federal income tax is without merit.

We agree with the Tax Court that the Martinezes failed to overcome the presumption in favor of the Commissioner's calculations of tax deficiencies for the years 1982-87. In determining income the Commissioner must demonstrate a link between the taxpayer and any unreported income. See Woodall v. Commissioner, 964 F.2d 361, 363 (5th Cir. 1992). The use of the

4

taxpayer's own records satisfies that burden. See id. (finding that the Commissioner's reliance upon a "taxpayer's statement" in the form of a balance sheet submitted by the taxpayer was sufficient information with which to calculate taxpayer's deficiencies).  The Commissioner's determination of income (including any relevant deductions) and calculation of tax is presumptively correct, and the taxpayer bears the burden of proving those determinations and calculations incorrect.  See United States v. Janis, 428 U.S. 433, 440-441 (1976); Helvering v. Taylor, 293 U.S. 507, 515 (1935); Yoon v. Commissioner, 135 F.3d 1007, 1012 (5th Cir. 1998); Portillo v. Commissioner, 932 F.2d 1128, 1133 (5th Cir. 1991).

Despite being warned repeatedly by the judge below that they bore the burden of overcoming the Commissioner's determination, the Martinezes failed to introduce any evidence concerning their income or tax liability.  Accordingly, the Tax Court correctly determined that the Martinezes failed to overcome the presumption in favor of the Commissioner.

The Tax Court correctly determined that the Martinezes failed to demonstrate that the Commissioner's assessment of civil penalties was incorrect.  The Commissioner assessed civil penalties for failure to file timely returns, negligence in the underpayment of taxes, and negligence in the underpayment of estimated taxes.  A penalty for failure to file may be assessed by the Commissioner under I.R.C. §6651(a)(1) (1999), unless a taxpayer can show that his failure to file was due to a

5

reasonable cause and did not result from willful neglect.  See United States v. Boyle, 469 U.S. 241, 245-246, (1985).  A penalty for underpayment of taxes or underpayment of estimated taxes may be imposed by the Commissioner unless a taxpayer can demonstrate that the underpayment was not negligent.  See I.R.C. §§ 6653(a), 6654(a) (1999); Bilski v. Commissioner, 69 F.3d 64, 68 (5th Cir. 1995);   Ledbetter v. Commissioner, 837 F.2d 708, 711 (5th Cir. 1988), cert. denied, 488 U.S. 856 (1988).  Because the Martinezes failed to introduce any evidence that their failure to file, underpayment of taxes, or underpayment of estimated taxes, was due to any reason other than their conscious decision not to pay taxes, the Tax Court correctly upheld the Commissioner's assessment of civil penalties.

The Tax Court correctly found that the Martinezes' were not entitled to have their tax calculated at the "married, filing jointly" rate.  The Internal Revenue Code provides that the "married, filing jointly" tax rates are available to married individuals "who make a single return jointly."  I.R.C. §1(a)(1) (1999).  Therefore, only taxpayers who actually file a tax return qualify for the "married, filing jointly" rates.  See Brattin v. Commissioner, 64 T.C.M. (CCH) 1144, 1145 (1992); Thompson v. Commissioner, 78 T.C. 558, 561 (1982); Dritz v. Commissioner, 28 T.C.M. (CCH) 874, 880 (1969), aff'd 427 F.2d 1176 (5th Cir. 1970).  Because the Martinezes failed to file tax returns for the years in question, the Tax Court correctly determined that they were not entitled to have their taxes calculated on a "married,

filing jointly" basis.

Lastly, the Tax Court correctly determined that no statute of limitations applied to this case. The Internal Revenue Code provides that, if a taxpayer fails to file a return, an assessment proceeding may be brought at any time. I.R.C. §6501(c)(3) (1999). Therefore, in this situation, the statute of limitations in an enforcement action remains open indefinitely. See Woolf v. United States, 578 F.2d 1103, 1005 (5th Cir. 1978); Lucia v. United States, 474 F.2d 565, 570 (5th Cir. 1973). Because the Martinezes never filed a tax return during the years in question, the Tax Court correctly determined that no statute of limitations applied.

### III. CONCLUSION

For all the foregoing reasons we AFFIRM the judgment of the Tax Court.