T.C. Memo. 2000-111

UNITED STATES TAX COURT

DELWIN D. HOUSER, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 13202-97, 20120-97.    Filed March 30, 2000.

Delwin D. Houser, pro se.

Linda K. West, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, Judge:  In these consolidated cases, respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

|      |            | Additions to Tax |           |
| Year | Deficiency | Sec. 6651(f)     | Sec. 6654 |
|------|------------|------------------|-----------|
| 1993 | $192,457   | $144,343         | $8,064    |
| 1994 | 181,722    | 136,291          | 9,430     |
| 1995 | 122,177    | 91,633           | 6,625     |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision involve the amount of unreported income that should be charged to petitioner, petitioner's liability under section 6651(f) for fraudulent failure to file income tax returns, and petitioner's liability under section 6654 for failure to make estimated income tax payments.

FINDINGS OF FACT

Because petitioner failed to respond to respondent's requests for admission, factual matter set forth in respondent's requests for admission is deemed admitted. See Rule 90(c).

When the petition was filed, petitioner resided in Greenwell Springs, Louisiana. Petitioner and his stepdaughter and her husband, Rebecca and Richard Adair, operate a roofing business under the name H & H Sheet Metal (the roofing business). The evidence does not establish how ownership of the roofing business is divided between petitioner and the Adairs.

Payments were received by the roofing business for roofing services rendered for various general contractors, including Roof Technologies and Vaughn Roofing.

In 1993, 1994, and 1995, Roof Technologies and Vaughn Roofing were billed by the roofing business the following total amounts for roofing services rendered to them:

| Year | Amount |
|------|--------|
| 1993 | $490,009 |
| 1994 | 426,843 |
| 1995 | 197,965 |

Roof Technologies and Vaughn Roofing issued checks in favor of petitioner that cumulatively total the above amounts billed to them by the roofing business. The checks were received and deposited into a checking account (the checking account) on which petitioner, petitioner's wife, and Rebecca Adair were signatories.

For 1993, 1994, and 1995, the following schedule reflects monthly and annual total deposits into the above checking account:

| Month | Total Deposits Into Checking Account | | |
| --- | --- | --- | --- |
| | 1993 | 1994 | 1995 |
| January | -0- | $ 21,346 | $ 10,533 |
| February | $ 28,154 | 34,950 | 19,056 |
| March | 25,824 | 12,150 | 23,104 |
| April | 37,400 | 53,022 | 18,000 |
| May | 20,131 | 44,211 | 21,372 |
| June | 48,870 | 55,007 | 61,050 |
| July | 34,149 | 37,700 | 49,146 |
| August | 33,038 | 17,577 | 670 |
| September | 52,000 | 53,619 | 24,465 |
| October | 91,020 | 51,219 | 51,946 |
| November | 72,000 | 56,580 | 17,492 |
| December | 65,150 | 40,450 | 34,500 |
| Total | $507,736 | $477,903 | $331,334 |

For 1993, 1994, and 1995, petitioner did not file Federal income tax returns.

During respondent's audit, petitioner did not cooperate with respondent's agents, and petitioner did not provide to respondent's agents the books and records relating to the roofing business.  Also, petitioner mailed to respondent letters reflecting frivolous tax protester arguments.

On audit and in the notices of deficiency for the years in issue, using the bank deposits method of proof and the specific item method of proof for interest income earned on the checking account balance, respondent determined that petitioner received unreported taxable income in the following total amounts:

| Year | Amount |
| --- | --- |
| 1993 | $517,236 |
| 1994 | 477,903 |
| 1995 | 333,780 |

Because of lack of documentation provided during the audit, respondent did not allow petitioner any deductions for expenses relating to the roofing business, and respondent charged petitioner with the above total amounts for each year as unreported taxable income.

For each year, respondent also determined that petitioner was liable for the fraudulent failure to file addition to tax under section 6651(f).  In the alternative, for each year, respondent determined that petitioner was liable for the negligent failure to file addition to tax under section 6651(a)(1).

As a protective measure, on audit of Rebecca and Richard Adair for 1993, 1994, and 1995, respondent charged to the Adairs the same total amounts of unreported income relating to the bank deposits that were charged to petitioner.

OPINION

Under section 61, gross income includes all income from whatever source derived.  See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955).  Taxpayers are required to maintain sufficient records to allow respondent to determine their correct Federal income tax liability.  See sec. 6001.  Taxpayers with income above the exemption amount are required to file Federal income tax returns.  See sec. 6012.

Generally, respondent's determinations are presumed correct, and taxpayers have the burden of proving that respondent's determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Generally, bank deposits are treated as prima facie evidence of taxable income. See Woodall v. Commissioner, 964 F.2d 361, 364 (5th Cir. 1992), affg. T.C. Memo. 1991-15; Parks v. Commissioner, 94 T.C. 654, 658 (1990); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Where taxpayers fail to present evidence regarding the proper division between them of income received from a jointly operated business, respondent and the courts may approximate the amount of income to be charged to each taxpayer. See Arouth v. Commissioner, T.C. Memo. 1992-679. An equal division of income may be appropriate where taxpayers fail to provide any evidence of a more appropriate division of the income. See Cannon v. Commissioner, 533 F.2d 959, 960 (5th Cir. 1976), affg. Ash v. Commissioner, T.C. Memo. 1974-219; Puppe v. Commissioner, T.C. Memo. 1988-311.

Where evidence exists that taxpayers incurred expenses relating to their business, it may be appropriate to allow an estimate of the business expenses. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85

T.C. 731, 743 (1985); Sherrer v. Commissioner, T.C. Memo. 1999-122.

For 1993, 1994, and 1995, IRS Publication 1136, Statistics of Income Bulletin, reflected the following average net profit margin for roofing contractors:

| Year | Average Net Profit Margin |
|------|---------------------------|
| 1993 | 20% |
| 1994 | 25% |
| 1995 | 18% |

As indicated, respondent's tax deficiencies against petitioner are based on deposits to the checking account with no allowance for labor and material costs which obviously were incurred in the roofing business. We conclude that for each year it is appropriate to apply to the checking account deposits that are specifically identifiable as gross receipts of the roofing business (namely, those deposits that represent the checks received from Roof Technologies and Vaughn Roofing) the average net profit margin established by respondent for roofing contractors and to allow estimated business expense deductions for the business expenses so calculated.

Petitioner has presented no evidence as to how income from the roofing business should be divided between himself and Rebecca and Richard Adair. We conclude that one-half of the

income determined under the bank deposits method of proof is taxable to petitioner.

In the related case of Adair v. Commissioner, T.C. Memo. 2000-110, docket Nos. 12103-97 and 20465-97, also filed this date, we charge the Adairs with the other half of the income of the roofing business relating to deposits into the checking account.

For each year in issue, our calculations of petitioner's taxable income are set forth below. The bank deposits that are identified as gross receipts of the roofing business are multiplied by the average net profit margin for roofing contractors, producing a partial taxable income figure for the roofing business. Added to this partial net income figure are the unidentified bank deposits to calculate total taxable income relating to the deposits to the checking account, one-half of which is then charged to petitioner.

| Year | Bank Deposits Identified as Gross Receipts of Roofing Business | Average Net Profit Margin | Net Income of Roofing Business on Identified Bank Deposits | Unidentified Bank Deposits | Taxable Income* | One-half Charged to Petitioner |
|------|------|------|------|------|------|------|
| 1993 | $490,009 | 20% | $ 98,002 | $ 17,727 | $115,875 | $57,938 |
| 1994 | 426,843 | 25% | 106,711 | 51,061 | 157,939 | 78,970 |
| 1995 | 197,965 | 18% | 35,634 | 133,369 | 169,032 | 84,516 |

* As indicated, also included in the taxable income for each year is interest income relating to the checking account in the respective amounts of $146, $167, and $29.

Under section 6651(f), an addition to tax of up to 75 percent applies where the failure to file a Federal income tax return is due to fraudulent conduct. See DiLeo v. Commissioner,

959 F.2d 16 (2d Cir. 1992), affg. 96 T.C. 858, 873 (1991). Respondent has the burden of proving fraud by clear and convincing evidence. See sec. 7454(a); Rule 142(b); Bagby v. Commissioner, 102 T.C. 596, 607 (1994).

Indicia of fraud include: (1) Understatements of income; (2) inadequate books and records; (3) failure to file tax returns; (4) implausible or inconsistent explanations; and (5) lack of cooperation with tax authorities. See Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Clayton v. Commissioner, 102 T.C. 632, 647 (1994); Petzoldt v. Commissioner, 92 T.C. 661, 699-700 (1989); Recklitis v. Commissioner, 91 T.C. 874, 910 (1988).

Petitioner has not alleged any nontaxable sources of income, and the roofing business constitutes the likely taxable source of the deposits into the checking account.

With regard to fraudulent intent, the evidence establishes for each year in issue that petitioner realized significant income that he failed to report, that petitioner failed to provide to respondent's agents books and records relating to the roofing business, that petitioner failed to file income tax returns, that petitioner failed to pay significant tax liabilities that he owed, that petitioner did not cooperate with respondent, and that petitioner made erroneous tax protester objections to the tax laws. The evidence establishes that

petitioner fraudulently failed to file his Federal income tax returns for 1993, 1994, and 1995.

Section 6654(a) provides for an addition to tax for failure to make timely estimated income tax payments. Petitioner has not proven that an exception applies, and for each year in issue, petitioner is liable for the section 6654 addition to tax.

To reflect the foregoing,

<u>Decisions will be entered under Rule 155</u>.