T.C. Memo. 2001-195


UNITED STATES TAX COURT


MARK SUNIK AND TAMARA SUNIK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9941-99.                    Filed July 27, 2001.


<u>Jay J. Freireich</u>, <u>Harvey R. Poe</u>, and <u>Michael J. Sullivan</u>,
for petitioners.

<u>Keith V. Doce</u> and <u>Diane R. Mirabito</u>, for respondent.


MEMORANDUM OPINION


WELLS, <u>Chief Judge</u>:  Respondent determined a deficiency in
petitioners' 1995 Federal income tax in the amount of $70,783 and
a section 6662 accuracy-related penalty of $14,157.  Unless
otherwise indicated, all section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues we must decide in the instant case are: (1) Whether the notice of deficiency is invalid on the ground that respondent failed to make a proper determination of a deficiency; (2) whether the respondent has the burden of going forward with the evidence because the notice of deficiency lacks predicate evidence or is arbitrary; and (3) whether the Court properly excluded testimony of petitioners' witness.

## Background

The parties submitted the instant case fully stipulated pursuant to Rule 122. The stipulated facts are incorporated herein by reference and are found as facts in the instant case. Petitioners resided in Forest Hills Gardens, New York, when they filed their petition.

On their timely filed Federal income tax return for taxable year 1995, petitioners reported $13,072 of taxable interest income, $58,566 of taxable dividend income, and $21,872 of taxable Schedule C business income. Respondent issued an examination report proposing an additional Federal income tax liability of $3,195.70 for petitioners' 1995 taxable year based upon the disallowances of various deductions that they reported on Schedules C, Profit or Loss From Business, and E, Supplemental Income and Loss. Petitioners consented to the

assessment and collection of the additional tax liability proposed by the report.

Subsequently, petitioners consented and agreed to the finding of the State of New York Department of Taxation and Finance that they owed an additional tax liability for their 1995 taxable year.  The consent form prepared by the Department of Taxation and Finance and signed by petitioners (New York consent form) stated:  "Net Adjustments to N.Y. State Income" of $178,034.  The document stated "Audit Increases to N.Y. State Income" of $178,034 based on a "Difference in 'T' account".  The document further stated an amount of $0 for "Other Taxes or Disallowed Credits".

Respondent timely issued a statutory notice of deficiency to petitioners for their 1995 taxable year.  Respondent determined that petitioners failed to report Schedule C income in the amount of $178,034.  The notice of deficiency stated in pertinent part: "Information on which we based our adjustment was derived from your state's taxing agency."

Petitioners filed a timely petition contesting the notice of deficiency.  Subsequently, the Court issued a notice to the parties setting the instant case for trial, along with a Standing Pre-Trial Order which required the submission of Trial Memoranda to the Court and opposing counsel at least 15 days before the first day of the trial session.  The Standing Pre-Trial Order further required identification of witnesses in the Trial

Memoranda and specified "that witnesses who are not identified will not be permitted to testify at the trial without leave of the Court upon sufficient showing of cause". Petitioners failed to timely submit a Trial Memorandum to the Court.

When the instant case was called for trial, counsel for petitioners appeared and requested leave to call as a witness Harvey R. Poe, co-counsel for petitioners. Counsel for respondent moved to exclude such testimony based upon petitioners' failure to comply with the Court's Standing Pre-Trial Order. The Court granted respondent's motion. Following granting of the motion, the parties agreed to submit the case fully stipulated.

## Discussion

### I. Validity of Notice of Deficiency

Petitioners contend that the notice of deficiency is invalid on the grounds that respondent failed to make a valid determination insofar as the notice of deficiency reveals that the deficiency was based solely upon petitioners' consent to an increased State income tax liability.

Petitioners' assertion that respondent failed to make a valid determination within the meaning of section 6212(a)[1] is misplaced. Petitioners, citing Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983), contend that

---

[1] Sec. 6212(a) provides in pertinent part: "If the Secretary determines that there is a deficiency in respect of any tax * * *, he is authorized to send notice of such deficiency to the taxpayer."

respondent did not give sufficient thought and consideration to the notice, rendering it invalid as a "naked assessment".

The Court of Appeals for the Ninth Circuit and this Court have limited the holding in Scar to the narrow circumstances where the notice of deficiency reveals on its face that no determination was made. See Kantor v. Commissioner, 998 F.2d 1514, 1521-1522 (9th Cir. 1993), affg. in part and revg. in part on another ground T.C. Memo. 1990-380; Clapp v. Commissioner, 875 F.2d 1396, 1402 (9th Cir. 1989), affg. an unreported Order of this Court; Campbell v. Commissioner, 90 T.C. 110 (1988). The facts in the instant case are readily distinguishable from those in Scar. The notice does not reveal on its face that respondent failed to adequately determine a deficiency. In the instant case, the notice indicated the information examined by respondent was taxpayer specific because it stated: "Information on which we based our adjustment was derived from your state's taxing agency." Because the face of the notice does not reveal that the Commissioner failed to make a determination, we hold that the notice is valid.

## II. Presumption of Correctness

Petitioners next contend that respondent should bear the burden of proof in the instant case because respondent has failed to produce predicate evidence linking petitioners to the unreported income determined in the notice of deficiency. It is well settled that taxpayers generally bear the burden of proving

that the Commissioner's determination is incorrect.[2]  Rule

142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Petitioners rely on Portillo v. Commissioner, 932 F.2d 1128

(5th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1990-

68, which held that the Commissioner had a duty to investigate

the "bald assertion" contained in a Form 1099 received from a

third party to confirm whether it was supported by other

financial records, and the Commissioner's failure to do so

rendered the notice of deficiency arbitrary and erroneous.  Id.

at 1134.  The Court of Appeals for the Fifth Circuit, however,

has narrowed the holding in Portillo by declining to apply it

where the Commissioner does not rely on a statement of a third

party to determine that a deficiency exists.  See Woodall v.

Commissioner, 964 F.2d 361, 363 (5th Cir. 1992), affg. T.C. Memo.

1991-15.  In the instant case, respondent based the determination

in the notice of deficiency on petitioners' agreement in the New

York consent form to an increase in their New York State income

for 1995.  See Sealy Power, Ltd. v. Commissioner, 46 F.3d 382,

386 (5th Cir. 1995), affg. in part, revg. in part on other

grounds, and remanding in part T.C. Memo. 1992-168.

---

[2] Internal Revenue Service Restructuring & Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001, 112 Stat. 685, 726-727, added sec. 7491, which places the burden of proof on the Commissioner in certain circumstances.  Sec. 7491 is applicable to court proceedings arising in connection with examinations commencing after July 22, 1998.  See RRA 1998 sec. 3001(c), 112 Stat. 727; Higbee v. Commissioner, 116 T.C. 438, 440 (2001).  The examination in the instant case commenced on Nov. 12, 1997. Accordingly, sec. 7491 is inapplicable.

The Court of Appeals for the Second Circuit, the circuit to which venue for appeal of the instant case, if any, would lie, has recognized an exception to the presumption of correctness by requiring the Commissioner in unreported income cases to provide evidence linking the taxpayer with some tax-generating acts. See Llorente v. Commissioner, 649 F.2d 152, 156 (2d Cir. 1981), affg. in part, revg. in part and remanding 74 T.C. 260 (1980). The exception to the presumption of correctness, however, applies only where the Commissioner has failed to provide any evidentiary foundation. Hardy v. Commissioner, 181 F.3d 1002, 1005 (9th Cir. 1999), affg. T.C. Memo. 1997-97.

The Commissioner may satisfy the predicate evidence requirement in unreported income cases by introducing evidence linking the taxpayer to tax-generating acts. See Llorente v. Commissioner, supra at 156; Shriver v. Commissioner, 85 T.C. 1, 4 (1985). Courts have allowed the Commissioner to offer a variety of forms of evidence linking the taxpayer to tax-generating acts. See Hardy v. Commissioner, supra at 1005 (income statements from taxpayer's spouse's employer and bank); Delaney v. Commissioner, 743 F.2d 670 (9th Cir. 1984) (taxpayer's admission of ownership of more than $40,000 of Swiss gold coins), affg. T.C. Memo. 1982-666; Johnston v. Commissioner, T.C. Memo. 2000-315 (income received by a trust of which the taxpayer was an original capital holder for services performed by the taxpayer); Smith v. Commissioner, T.C. Memo. 2000-43 (taxpayer's employment questionnaire identifying jobs for which IRS had no record).

Assuming, as other courts have required,[3] that the Commissioner must provide an evidentiary foundation for the determination that a taxpayer has received unreported income, we are satisfied that the New York consent form reflecting an increase to petitioners' State taxable income for 1995 constitutes predicate evidence in the instant case for respondent's determination in the notice of deficiency. Petitioners' admission to an additional State income tax liability due to unreported income provides a sufficient link to their income-generating acts. Petitioners argue that the New York consent form is ambiguous and could stem from disallowed deductions. To the contrary, we note that the language of the New York consent form states that the State audit disclosed an increase in petitioners' income and shows no disallowed deductions. Such evidence is sufficient to satisfy any predicate evidence requirement. Accordingly, we hold that the notice of deficiency in the instant case is presumed correct and the burden of proof is on petitioners.

### III. Exclusion of Testimony of Petitioners' Witness

Before agreeing to submit the case to the Court as fully stipulated, petitioners argued that they agreed to a settlement with the State of New York Department of Taxation and Finance to

---

[3] See <u>Portillo v. Commissioner</u>, 932 F.2d 1128, 1134 (5th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1990-68; <u>Anastasato v. Commissioner</u>, 794 F.2d 884, 887 (3d Cir. 1986), vacating and remanding T.C. Memo. 1985-101; <u>Rapp v. Commissioner</u>, 774 F.2d 932, 935 (9th Cir. 1985), affg. an unreported Order of this Court.

avoid the nuisance of further litigation.  Petitioners proposed

calling their co-counsel, Harvey R. Poe, to testify regarding his

meeting with New York State auditors.  Respondent moved to

exclude Mr. Poe's testimony, and the Court granted respondent's

motion.

Rule 131(b) specifies that a party may be subject to

sanctions for unexcused failure to comply with the Standing Pre-

Trial Order.  The Court's Standing Pre-Trial Order is intended to

promote the orderly and fair presentation of evidence in Tax

Court trials.  See <u>Barkley Co. v. Commissioner</u>, 89 T.C. 66, 70

(1987).  The Standing Pre-Trial Order states in pertinent part:

> Each party shall prepare a Trial Memorandum * * * and shall
> submit it directly to the undersigned and to the opposing
> party not less than 15 days before the first day of the
> trial session.
>
>     * * * Witnesses who are not identified [in the Trial
> Memorandum] will not permitted to testify at the trial
> without leave of the Court upon sufficient showing of
> cause.

Petitioners, after failing to comply with the Standing Pre-Trial

Order by failing to submit a Trial Memorandum to the Court 15

days before the trial session, failed to show cause why Mr. Poe

should be allowed to testify.  Accordingly, the Court properly

granted respondent's motion to exclude his testimony, and we see

no need to further revisit the issue.

<u>Conclusion</u>

Petitioners offered no other evidence to rebut respondent's

determinations in the notice of deficiency.  Consequently, we

sustain respondent's determinations that petitioners are liable

for a deficiency in the amount of $70,783 and an accuracy-related penalty in the amount of $14,157.

We have carefully considered all of the remaining arguments that have been made by petitioners for a result contrary to that expressed herein, and, to the extent not discussed above, we find that such arguments are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.